UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>AARON WYATT,<br><br>      Defendant. | Case No. 98-cr-40002-JPG-003 |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Aaron Wyatt's motion to reduce his sentence to give him sentence credit for a prior state sentence that he believes should have run concurrently with his federal sentence (Doc. 451).

The Court has no jurisdiction now to reduce Wyatt's sentence in his criminal proceeding to give him sentence credit for serving another sentence. Once the Court sentences a defendant, it can only revisit that sentence in limited circumstances, none of which apply here. *United States v. Wiggins*, 798 F. App'x 949, 950 (7th Cir. 2020) (citing *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009)). Wyatt is challenging the Bureau of Prisons' ("BOP") computation of his sentence, but that is a matter committed in the first instance to the Attorney General, through the BOP, not the sentencing court. *United States v. Wilson*, 503 U.S. 329, 334 (1992); *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019). If a prisoner disagrees with the BOP's computation of his sentence, including sentence credit or whether it should run concurrently with another sentence, he may seek administrative review and then file a petition under 28 U.S.C. § 2241 in the district of his confinement. *Walker*, 917 F.3d at 994 (citing *Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992)). This Court does not have jurisdiction to grant the relief Wyatt seeks. *See*

*Walker*, 917 F.3d at 993-94 (citing *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995)); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).

Accordingly, the Court **DISMISSES** Wyatt's motion (Doc. 451) and **DIRECTS** the Clerk of Court to send him a form for filing a petition under 28 U.S.C. § 2241, which should assist him in filing a petition in the jurisdiction of his incarceration after he exhausts his administrative remedies.

**IT IS SO ORDERED.**
**DATED:  September 8, 2021**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**